# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

**TRACIE R. NOBLES,**
    Plaintiff,

**v.**                       **Case No. 1:21-cv-1347-CLM**

**WAL-MART STORES INC.,**
    Defendant.

## MEMORANDUM OPINION

Tracie R. Nobles ("Nobles") sued Walmart Stores Inc. for negligence, arising from a fall Nobles says happened in a Walmart store. (Doc. 1-1 at 31-32). Walmart moves for summary judgment on all claims. (Doc. 53). For the reasons stated within, the court will **GRANT** Walmart's motion, (doc. 53).

### BACKGROUND

The background facts are either undisputed or read in the light most favorable to Nobles as the nonmoving party. FED. R. CIV. P. 56; *see, e.g.*, *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung* 695 F.2d 1294, 1296 (11th Cir. 1983) ("All reasonable doubts about the facts should be resolved in favor of the non-movant.").

Nobles entered the Anniston, Alabama Walmart on a rainy day. (Doc. 1-1 at 31, ¶ 3; Doc. 54-1 at p. 10, 35:5-7; p. 11, 38:10-15, 39:3-7). She fell forward onto the floor shortly after passing over the threshold of the store's doorway.[1] (Doc. 1-1 at 31, ¶ 4). Nobles testified that the fall permanently injured her right knee. (Doc. 54-1 at 15, 59:10-23, 60:1-17).

---

[1] Nobles' Complaint erroneously references a fall in the store's frozen food department (doc. 1-1 at 31, ¶ 3), but it is undisputed that the incident occurred in the vestibule area of the store, (doc. 54-1 at 12, 41:4-15).

It is unclear whether Nobles slipped and fell or tripped and fell. In paragraph four of her complaint, Nobles alleged that she slipped on "water or some other transitory substance on the floor." (Doc. 1-1 at 31, ¶ 4). Yet in paragraph 5 of her complaint, Nobles suggested that the bulging of a doormat positioned at the front entrance of Walmart caused her to trip and fall. (Doc. 1-1 at 31, ¶ 5). When Walmart deposed her, Nobles could not testify with certainty what caused her fall:

> Q: [J]ust so we're clear, you're alleging that you tripped and fell, and you did not slip and fall, correct?
>
> A: . . . I knew it was wet when I walked in because, like I said, it was wet outside. Because it had rained here for like two or three days straight, and . . . [A]ll I know is I remember tripping up, falling, and landing on the ground and hearing people saying oh, my gosh, oh, my gosh, oh, my gosh. It was a rug. That's all I remember . . . .
>
> Q: Okay. What I'm asking you is, what are you alleging? Are you alleging that you slipped, or are you alleging that you tripped?
>
> [Nobles' counsel makes an objection]
>
> A: I think I tripped. I don't know. I don't know. It just happened so fast. I don't know which one it was. I think I tripped.
>
> [Discussion about the allegations in the complaint]
>
> Q: Did water on the floor cause you to fall in Walmart?
>
> A: I'm not sure if it was the rug or the water. I don't know what's what. I just know I fell.

(Doc. 54-1 at 12, 42:7-23, 43:1-8; 13, 45:20-23, 46:1-6).

Because Nobles cannot choose between them, the court recounts the facts for both theories of Nobles' fall.

### A. <u>Trip</u> and Fall

Nobles shopped at the Anniston Walmart store regularly. (Doc. 54-1 at 10, 35:8-16). Due to her familiarity with Walmart, she knows that Walmart stores place a doormat at the door when it is raining. (Doc. 54-1 at 10, 35:5-7; 12, 42:7-20; 13, 47:6-9, 47:14-23, 48:1-2; 14, 50:12-22, 51:11-20; 28, 105:18-23,106:1-90). It had rained for several days before the day Nobles fell. (Doc. 54-1 at 11, 42:10-13). And it was raining the day of her fall. (Doc. 54-1 at 47:6-8). That said, as Nobles recognized, it was only drizzling when she entered Walmart. (Doc. 54-1 at 10, 38:12-15; 39:3-7).

Nobles had no issues seeing her surroundings because the store was well lit. (Doc. 54-1 at 14, 49:23, 50:1-23, 51:1-7). So Nobles saw the doormat as she entered the store, but she could not say whether the doormat was defective. (Doc. 54-1 at 10, 35:5-7; 12, 42:7-20; 13, 47:6-9, 47:14-23, 48:1-2; 14, 50:12-22, 51:11-20). No matter if Nobles slipped and fell or tripped and fell, the doormat moved as she fell. (*See* Doc. 58 at 6).

Angie Beason worked at Walmart. She testified that the doormat moved because Nobles tripped over it. (Doc. 58 (Ex. B) at 12, 31:20-23; 32:1-3). She added that the doormat was partly in the doorway after Nobles fell, which is corroborated by photographic evidence. (Doc. 58 (Ex. B) at 12, 31:20-23; 32:1-3; see Doc. 58 (Ex. C) at 21-24). Beason did not witness the fall but arrived at the scene upon being alerted to the fall. (Doc. 58 (Ex. B) at 12, 32:4-13). Nobles testified that she has no evidence to show that the doormat was defective, or that Walmart had any reason to believe that the doormat was defective. (Doc. 54-1 at 16, 58:13-20)

### B. <u>Slip</u> and Fall

As previously noted, it was drizzling when Nobles entered the Walmart, and she knew it was drizzling. (Doc. 54-1 at 10, 39:3-7). Nobles testified that the area where she tripped or slipped was wet with rainwater. (Doc. 54-1 at 14, 55:16-19, 56:2-5). She added that the rainwater had been tracked in by people's feet, and that there was not enough of it to create a puddle. (Doc. 54-1 at 12, 45:17-23, 46:1). Though

Nobles knew the floor would be wet with rainwater because it was wet outside, she does not know how long the rainwater had been on the floor. (Doc. 54-1 at 13, 51:14-20).

## JURISDICTION

Nobles is a citizen of Alabama; Walmart is a citizen of Delaware and Arkansas; and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1). The court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But where the evidence is merely colorable or not significantly probative, no genuine dispute of material fact exists, and summary judgment is appropriate. *Id.* at 249-50. Further, if the non-movant responds to the motion for summary judgment with just conclusory allegations, the court must enter summary judgment for the movant. *Peppers v. Coates,* 887 F.2d 1493, 1498 (11th Cir. 1989).

---

[2] Alabama's standard of review reflects the federal standard of review. In Alabama premises-liability cases, after the defendant makes a prima facie showing of grounds for summary judgement, as Walmart has here, the plaintiff must present substantial evidence that a reasonable jury could find in his or her favor for the case to proceed to trial. ALA. CODE § 12-21-12 (2023); *see also* Ala. R. Civ. P. 56(3)(e). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *West v. Founders Life Assur. Co. of Fla.*, 547 So. 2d 870, 872 (Ala. 1989).

## DISCUSSION

This court generally applies the substantive law of Alabama when sitting in diversity, *see Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1310 (11th Cir. 2005); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), and it will do so now. Under Alabama law, Nobles must prove each of these elements: (a) duty; (b) breach of duty; (c) causation; and (d) damages. *Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002). For this opinion, the court will assume that Nobles was injured as a result of her fall. (*See* doc. 54-1 at 15, 55:6-8; doc. 54-3; doc. 53-4; doc. 55 at 13). It therefore need only address the parties' arguments where they pertain to the (a) duty; (b) breach of duty; and (c) causation prongs of the negligence analysis.

In her complaint, Nobles alleges both that she tripped and fell on a defective doormat on Walmart Inc.'s premises and that she slipped and fell on rainwater on Walmart Inc.'s premises. (Doc. 1-1 at 31, ¶¶ 4-5). Since Nobles omitted her slip-and-fall allegation in her reply to Walmart Inc.'s motion for summary judgement, the court finds that allegation waived. *See Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (asserting that "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned"). But to be safe, and to remove any doubt as to the inability of Nobles' negligence claim to survive summary judgment, the court will examine each allegation and the evidence pertaining to it. For the reasons stated below, the court grants summary judgment.

### A. Duty and Breach of Duty

"Under Alabama law, a premises owner's liability for injuries caused by the condition of the property turns on the legal status of the injured party." *Eaton v. Westrock Coated Bd., LLC*, 601 F. Supp. 3d 1206, 1210 (M.D. Ala. 2022); *see also Edwards v. Intergraph Servs. Co.*, 4 So. 3d 495, 500 (Ala. Civ. App. 2008). Generally, a shopper like Nobles is an invitee, *Ex parte Kraatz*, 775 So. 2d 801, 803 (Ala. 2000), and neither party disputes that Nobles was Walmart's invitee when she fell.

A business owes its invitee a duty to "'use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that by use of ordinary care, the danger can be avoided.'" *Eaton*, 601 F. Supp. 3d at 1210 (quoting *McClurg v. Birmingham Realty Co.*, 300 So. 3d 1115, 1118 (Ala. 2020)). But the business is not the insurer of the safety of its invitees; the principle of *res ipsa loquitur* does not apply; and, no presumption of negligence arises from the fact that an invitee was injured. *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 314 (Ala. 2000). Further, the invitee must prove that the business had actual or constructive notice of the dangerous condition that caused the invitee's injury before the business can be held responsible for the injury. *Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 100 (Ala. 2003). The invitee assumes the risk of injury from a danger on the premises that "the invitee was aware of or should be aware of in the exercise of reasonable care." *Tice v. Tice,* 361 So. 2d 1051, 1052 (Ala. 1978).

### (1)  Duty to Prevent Nobles from Tripping

Without conceding that the doormat was defective, Walmart argues that it cannot be held responsible for Nobles' fall because it did not have actual or constructive notice of the dangerous condition that she alleges caused her fall—*i.e.*, the allegedly defective doormat. (Doc. 55 at 14). The court agrees.

Notice can be shown in one of three ways: (1) that the dangerous condition had existed for enough time to impute constructive notice to the invitor; (2) that the invitor had actual notice of the dangerous condition; or (3) that the invitor was delinquent in not discovering and resolving the dangerous condition. *See Maddox By & Through Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990); *see also Cox v. W. Supermarkets, Inc.*, 557 So. 2d 831, 832 (Ala.1989); *and Richardson v. Kroger Co.,* 521 So. 2d 934, 935–36 (Ala. 1988). An invitor's delinquency can be shown where the store or one of its employees created the hazard, or where the evidence shows that a business' inspection procedures are inadequate or were performed inadequately on the day of the invitee's fall. *Knox v. United States*, 978 F.

Supp. 2d 1203, 1209 (M.D. Ala. 2013) (citing *Dunklin v. Winn–Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala. 1992); *Nelson v. Delchamps, Inc.*, 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997); and *Hale v. Kroger, Ltd. P'ship I*, 28 So. 3d 772, 783 (Ala. Civ. App. 2009)).

Nobles presents no evidence that Walmart had or should have had notice of the defective doormat. *See Clayton v. Kroger Co.*, 455 So. 2d 844, 845 (Ala. 1984) (holding that there was no genuine dispute of material fact as to whether Defendant had notice of the defective mat because there was no evidence that Defendant caused the mat to be wrinkled or knew that it was wrinkled, and no evidence that the mat had been wrinkled for an inordinate length of time). Assuming the doormat was bulging and partly lodged in the doorway when Nobles fell (doc. 54-1 at 25, 96:23; 26, 97:1-9), Nobles presents no evidence that Walmart caused the doormat's condition or knew that the doormat was in that condition. *See Dolgencorp*, 890 So. 2d at 101. Nor was there any evidence to show how long the doormat had been in that condition, making it impossible for a reasonable jury to determine whether the doormat had been in that condition long enough to impute constructive notice to Walmart. *See Harding v. Pierce Hardy Real Est.*, 628 So. 2d 461, 463 (Ala. 1993). The doormat might have started bulging and become lodged in the doorway 30 seconds before Nobles tripped and fell, or 3 hours before Nobles tripped and fell. All a jury could do is speculate, and "[s]peculation does not create a genuine issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir.1995)).

Even if Nobles tried to argue that Walmart was delinquent in not discovering the allegedly defective doormat, she failed to present evidence that Walmart inspection procedures or the effectuation of those procedures on the day of her fall were inadequate. *See Alabama Power Co. v. Bryant*, 146 So. 602, 604–05 (Ala. 1933) ("[T]he mere possibility that the negligence of [a] defendant caused the injury without evidence thereof, is not sufficient . . ."). So even if we assume the doormat was defective at the time Nobles fell, Walmart is still entitled to summary judgment

because Nobles failed to present any evidence that Walmart had or should have had notice of the condition.

Finally, Walmart also argues that the allegedly defective doormat constituted an open and obvious danger for which Walmart cannot be held responsible. (*See* Doc. 55 at 19). The court needn't address this argument because the court grants summary judgment based on lack of notice.

### (2) Duty to Prevent Nobles from Slipping

Assuming instead that Nobles slipped and fell, Walmart argues that had no duty to correct or warn of the rainwater on the floor because no evidence supports a finding that the rainwater constituted an unusual accumulation. (*See* Doc. 55 at 16). The court agrees.

A business' duty to use reasonable care and diligence to keep the premises in a safe condition does not require "[a] shopkeeper . . . to stand constant vigil with a mop or towel on rainy days." *Boyd v. Wal-Mart Stores, Inc.*, 710 So. 2d 1258, 1260 (Ala. Civ. App. 1997). It instead requires that the business takes measures intended to prevent accidents only where there are "unusual accumulations of rainwater" on the premises. *Id.* (quoting *Terrell v. Warehouse Groceries*, 364 So. 2d 675, 677 (Ala. 1978)). Alabama courts have held that an "unusual accumulation" of rainwater exists when there is water in an unexpected location[3] or in an excessive amount.[4] *Elrod v. Dolgencorp, LLC*, 711 F. App'x 581, 584-85 (11th Cir. 2017). "But no unusual accumulation exists when the floor is only wet enough to be slick."[5] *Id.*

---

[3] *See, e.g., Boyd v. Wal-Mart Stores, Inc.*, 710 So. 2d 1258, 1260 (Ala. Civ. App. 1997) (highlighting that the floor was wet "even in the area around the service desk").

[4] *See, e.g., Neel-Gilley v. McCallister*, 753 So. 2d 531, 532–34 (Ala. Civ. App. 1999) (reversing summary judgment when Plaintiff's testimony and a witness' affidavit created a genuine dispute of material fact as to whether there was a "puddle" of water on the floor); *and Strahsburg v. Winn-Dixie Montgomery, Inc.*, 601 So. 2d 916, 919 (Ala. 1992) (holding that Plaintiff's testimony that his pants were "close to sopping wet" after he fell created a factual question about whether there was an unusual accumulation of rainwater).

[5] *See, e.g., Terrell*, 364 So. 2d at 677–78 (affirming directed verdict when water was tracked in by customers, was clear, and did not involve any large puddles; no water was observed in the entrance before Plaintiff's fall, and store had mats); *and Cox v. Goldstein*, 53 So. 2d 354, 357 (Ala. 1951) (affirming directed verdict for store when Plaintiff fell because the floor was slippery on a rainy day).

Nobles failed to present evidence that would allow a reasonable juror to find an unusual accumulation of rainwater on the floor. In fact, Nobles' evidence tends to *disprove* her theory, as she admitted that, while the floor was wet, there was "no puddle of water." (Doc. 54-1 at 13 13, 45:17-23, 46:1). A reasonable person would expect water to be on the floor of a store's vestibule area when it is raining, so Nobles' admission that no water puddled defeats her claim.

In short, Nobles failed to present any evidence that there was an unusual accumulation of rainwater on the floor, so under Alabama law, Walmart did not owe Nobles a duty to correct or warn of the condition. The court will thus grant summary judgment.

Finally, Walmart also argues that the rainwater constituted an open and obvious danger for which Walmart cannot be held responsible. (*See* Doc. 55 at 17). But because the rainwater did not constitute an unusual accumulation, the court needn't address Walmart's alternative argument.

### B. Causation

Nobles also fails to create a jury question on causation. To avoid summary judgment on causation, Nobles must present evidence that would allow a reasonable juror to find that Walmart's negligence caused Nobles' fall. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84-5 (Ala. 1992). Speculation about the cause of a fall cannot create a jury question. *Giles v. Winn-Dixie Montgomery, LLC*, 574 F. App'x 892, 894 (11th Cir. 2014); *see also Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 315 (Ala. 2000) ("Alabama juries are not allowed to speculate as to the cause of an accident.")*; and Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) (asserting that "[w]hen evidence points equally to inferences that are favorable and to inferences that are unfavorable to the moving party, the evidence lacks probative value; and the evidence may not be used to support one inference over another because such use is mere conjecture and speculation").

Walmart argues that Nobles relies solely on her own speculation to support causation. (*See* Doc. 55 at 11). Nobles counters that her testimony when combined with photographic evidence and Beason's testimony creates a genuine issue of material fact. (*See* Doc. 58 at 5). It does not.

1. "[T]he mere possibility that the negligence of defendant caused the injury without evidence thereof[] is not sufficient to carry the case to the jury, or to support a verdict." *Alabama Power Co. v. Bryant*, 146 So. 602, 604-5 (Ala. 1993). Further, when "the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause." *Id.* (citing *Carlise v. Cent. of G.R. Co.*, 62 So. 759, 760 (Ala. 1913)); *see also Ervin v. Excel Properties, Inc.*, 831 So. 2d 38, 45 (Ala. Civ. App. 2001) (explaining that although Plaintiff attributed her fall to an alleged faulty condition of the steps, her testimony established that she was not certain what made her fall, and summary judgement was therefore appropriate).

Like the plaintiff in *Ervin*, Nobles was unsure what caused her fall. *See Ervin*, 831 So. 2d at 41–2. Nobles cited two possible causes in her complaint (*i.e.*, the doormat and the rainwater), then testified during her deposition that she does not know what caused her fall. (*See* Doc. 54-1 at 12, 46:2-6). Beason's testimony does not help Nobles because Beason did not see Nobles' fall. Rather, Beason *speculated* that Nobles must have tripped on the doormat based on its position when Beason arrived, *see* (Doc. 58 (Ex. B) at 14, 25:16-23; 26:1-2)—and speculation is not enough. *See Shanklin v. New Pilgrim Towers, L.P.*, 58 So. 3d 1251, 1253-58 (Ala. Civ. App. 2010) (holding that a witness' testimony was speculation where she did not actually see the fall but believed a "misleveled" elevator near where Plaintiff fell caused Plaintiff to fall).

2. Even if Nobles created a fact question whether she tripped on the doormat or slipped on the rainwater, Nobles presents no evidence that either condition—the doormat's defect or the accumulated rainwater—was caused by Walmart's negligence.

Nor does Nobles offer evidence that would allow a reasonable juror to find that the doormat was defective or that rainwater had accumulated. Rather, she relies on after-the-fact speculation—an impermissible basis of evidence. *See Rosson v. Lowe's Home Centers, LLC*, No. 4:17-CV-01254-SGC, 2019 WL 1429172, at \*4 (N.D. Ala. Mar. 29, 2019) (holding that Plaintiff's after-the-fact conclusion that a hole caused her fall amounted to speculation absent evidence the hole was present at the time of the fall). Neither the photographs in the record nor Beason's testimony constitute such evidence. (*See* Doc. 58 (Ex. C) at 21-24; Doc. 58 (Ex. B) at 12-20).

Nobles' photographs cannot support her speculation because they show the condition of the doormat *after* Nobles fell. (*See* Doc. 58 (Ex. C) at 21-24). Similarly, Beason observed the condition of the doormat only *after* Nobles' fall had occurred (doc. 58 at 2, ¶ 7; doc. 58 (Ex. B) at 12, 32:6), so Beason cannot speak to the condition of the doormat before or during the fall. *See Shanklin*, 58 So. 3d at 1257. It is true that the Alabama Supreme Court has held that a witness' after-the-fact testimony that a *sidewalk* was uneven was sufficient to create a genuine issue of material fact. *Stephens v. City of Montgomery*, 575 So. 2d 1095, 1096-97 (Ala. 1991) (holding that, despite Plaintiff's not knowing the exact cause of her fall). But sidewalks are different than floormats because sidewalks do not move; meaning that the sidewalk in *Stephens* was uneven both before and after the plaintiff's fall. Because floormats move, Beason's testimony about the floormat's position *after* Nobles' fall says nothing about its position *before* Nobles' fall.

In short, a reasonable juror would have no idea why Nobles fell, as there is no evidence about the condition of the floor or doormat at the time Nobles fell, and even Nobles cannot tell you why she fell. Under Alabama law, the court cannot give the case to a jury to speculate about the real cause of Nobles' fall. *See D.A.C. By and Through D.D. v. Thrasher,* 655 So.2d 959, 961 (Ala. 1995) ("[W]hen the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause. And the mere possibility that the negligence of the defendant

11

caused the injury without evidence thereof, is not sufficient to carry the case to the jury, or to support a verdict.") (quotation marks and citations omitted).

## CONCLUSION

Because Nobles fails to create a jury question on duty, breach of duty, and causation, the court **GRANTS** Walmart Stores Inc.'s Motion for Summary Judgment, (doc. 53). The court will enter a separate order consistent with this memorandum opinion that closes this case.

**DONE** and **ORDERED** on November 14, 2023.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE